IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GLORIA OF THE HOUSE OF PAET, AS THE UNITED STATES IN REM, ET AL. LIBERTAS,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL JAMES, AN INDIVIDUAL AND AS CITIZEN OF THE UNITED STATES, INC.; WILLIAM JAMES II, AN INDIVIDUAL AND AS CITIZEN OF THE UNITED STATES, INC.; KA TUMATU, AN INDIVIDUAL, ET AL.,<br><br>Defendants. | CIVIL NO. 14-00503 DKW-RLP<br><br>**DEFICIENCY ORDER** |

**DEFICIENCY ORDER**

Plaintiff Gloria of the House of Paet ("Plaintiff"), proceeding pro se, has filed a new action entitled Admissions Statement re: Indictment for Conspiracy and Deprivation ("Admissions Statement"). The Admissions Statement was filed as a miscellaneous case and Plaintiff paid the $46 filing fee. The Court has converted the miscellaneous case to a civil case. The new case number is Civ. No. 14-00503

1

DKW-RLP.   All future filings shall reflect the new case number.

All parties instituting any civil action, suit or proceeding in a United States district court, other than a writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a).   Due to the prior payment of a $46 miscellaneous filing fee, Plaintiff's balance due for the civil filing fee is $354.   An action may only proceed without prepayment of the filing fee if the party is granted leave to proceed in forma pauperis.   28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff must either pay the statutory filing fee or submit a fully completed and executed application to proceed in forma pauperis by December 1, 2014. Failure to do so will result in AUTOMATIC DISMISSAL of this action for failure to prosecute or otherwise follow a court order.   *See* Fed. R. Civ. P. 41(b); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (stating that the district court has authority to dismiss the complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

Alternatively, Plaintiff may file a Notice of Withdrawal of this action and obtain reimbursement of the $46 from the Clerk's Office, which will terminate this action.

In determining whether to proceed in this action, Plaintiff is hereby notified that the Admissions Statement is deficient on its face for several reasons. If Plaintiff chooses to proceed in this action, Plaintiff must provide a basis for the Court's jurisdiction. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship). Further, even if Plaintiff could establish the Court's jurisdiction, Plaintiff does not appear to be asserting any claim for which this Court could provide relief. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

The Admissions Statement does not assert a claim; rather, it states that:

> It has been determined that Carol James; William James II; Candace Arnold, individual(s) and Citizen(s) of the United States Inc., has maintained Contempt of Court by variance on deceit to facilitate Racketeering Activity and actively assisting Ben Summit, a privateer, in the continuance of Criminal Enterprise.
>
> Carol James has taken upon herself to determine legal matters concerning this estate property and became actively participant to assist one Ben Summit, a privateer for the theft of property.
>
> Additional evidence including declaration(s) and statement(s) from witnesses, a letter from William James II, and notices served to Carol, William, Ka and Luther for the chance of averment will be filed for evidentiary purposes for Civil and/or Criminal Prosecution as per Title 18, 241 and 242, and Contempt of Court.

Admissions Statement at 2.

This Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

IT IS HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to send Plaintiff a copy of this Order and the Court's Application to Proceed in forma pauperis with the accompanying information sheet.

2. Plaintiff is GRANTED until **December 1, 2014** to (a) pay the filing fee; (b) file a Notice of Withdrawal of this action and obtain reimbursement of the $46 from the Clerk's Office; or (c) submit a fully-completed and executed application to proceed in forma pauperis on the form provided by the Court with this Order. The application must bear the docket number (Civil No. 14-00503 DKW-RLP) assigned to this case.

3. Failure to timely file an in forma pauperis application, file a Notice of Withdrawal, or to pay the statutory filing fee ($354) by **December 1, 2014** will result in AUTOMATIC DISMISSAL of this action.

IT IS SO ORDERED.

DATED: November 5, 2014 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

_____
Gloria House of Paet v. James, et al.; Civil No. 14-00503 DKW-RLP;
**DEFICIENCY ORDER**